10:08 Am via CSC
Alisha Schulman

RIGOBERTO RAMIREZ
VS.  2019-002434
BOYD RACING LLC


Citation

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO: BOYD RACING LLC          (D/B/A DELTA DOWNS RACETRACH
    THROUGH    CORPORATION   & CASINO)
    SERVICE COMPANY
    501 LOUISIANA AVENUE
    Baton Rouge, LA 70802

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of RIGOBERTO RAMIREZ, (PLAINTIFF'S ORIGINAL PETITION) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 17th day of May 2019.

Issued and delivered June 4, 2019

*Byron Wilkinson*
Byron Wilkinson
Deputy Clerk of Court

--------------------------------------------------
SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE    $_____        BY: _____
                                   Deputy Sheriff
MILEAGE    $_____

TOTAL $_____

Party No.    P001

```
C  M  S  6  4  6  5  6  1  5
```
Filing Date: 06/04/2019 12:00 AM    Page Count: 1
Case Number: 2019-002434
Document Name: Citation

[ Service Copy ]
CMS0085

Page 1 of 1

## 14TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CALCASIEU

### STATE OF LOUISIANA

NO. 2019-2434 F                                           DIVISION "_____"

### RIGOBERTO RAMIREZ

### VERSUS

### BOYD RACING, LLC D/B/A DELTA DOWNS RACETRACK & CASINO, BOYD GAMING CORPORATION AND LAWRENCE RAMMOY ST LAMMONTH

FILED: _____MAY 1 7 2019_____                    _____Carole B LeBlanc_____
                                                         **DEPUTY CLERK**

### PLAINTIFF'S ORIGINAL PETITION

NOW INTO COURT COME PLAINTIFF, Rigoberto Ramirez (hereinafter "Plaintiff"), who file this, Plaintiff's Original Petition against Boyd Racing, LLC d/b/a Delta Downs Racetrack & Casino, Boyd Gaming Corporation and Lawrence Rammoy St Lammonth (collectively referred to as "Defendants"), respectfully showing the Court as follows:

### I.

### JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court because Defendants are citizens of, reside in, and/or have continuous and systematic contacts with the State of Louisiana.

2. Venue is proper in this Court under article 75 of the Louisiana Code of Civil Procedure.

### II.

### PARTIES

3. Plaintiff is a resident of Texas.

4. Defendant Boyd Racing, LLC d/b/a Delta Downs Racetrack & Casino (hereinafter "Boyd Racing") is a Limited Liability Company operating in and out of the State of Louisiana, who can be served with service of process through their registered agent, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

5. Defendant Boyd Gaming Corporation (hereinafter "Boyd Gaming") is a foreign corporation located in Nevada. This Defendant can be served with service of process through its registered agent CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, Nevada 89119.

6.  Defendant Laurence Rammoy St Lammonth (hereinafter "Lawrence") is a Louisiana citizen who can served with personal service of process at 918 Brady Lot Apt 1, Sulphur Louisiana 70663, or wherever he may be found.

## III.

## FACTUAL ALLEGATIONS

7.  On or about March 8, 2019, Plaintiff suffered severe bodily injuries as a result of Defendants' negligence. On that date, Plaintiff was driving on Murworth Drive at the intersection of South Main in Houston, Texas. While proceeding lawfully through the intersection Plaintiff was suddenly and violently struck by Defendants' vehicle when Defendant Lawrence failed to keep a proper look out and failed to yield the right of way. As a result of the above, Plaintiff was seriously injured. Specifically, Plaintiff has injured his neck, back, spine and other parts of his body.

8.  At all relevant times, Defendant Lawrence was acting in the course and scope of his employment with Defendant Boyd Racing and Defendant Boyd (collectively referred to as "Delta Downs"), and acting in furtherance of a mission for Defendant Delta Downs' benefit and subject to its control. Additionally, Defendant Lawrence was driving a vehicle owned and maintained by Defendant Delta Downs, and was operating the vehicle under Defendant Delta Downs' authority.

9.  Plaintiff could not have undertaken any action to prevent this tragic incident, as all of the actions leading to the motor vehicle accident were under the sole control of Defendants. Thus, Plaintiff are free from any fault contributing to this incident.

## IV.

## CAUSES OF ACTION

### A. *Negligence Against All Defendants*

10. Plaintiff repeats and realleges each allegation contained above.

11. Plaintiff sustained injuries because of Defendants' negligence when Defendants:

- Failed to maintain a safe distance;
- Failed to operate their vehicle safely;
- Failed to properly train their driver;
- Failed to keep a proper lookout;
- Failed to perform a safe turn;
- Failed to safely navigate an intersection;

2

- Failed to yield the right-of-way;
- Failed to maintain a safe speed;
- Failed to operate the vehicle safely considering traffic conditions; and
- Other acts so deemed negligent.

12. Defendants should also be held liable as a matter of law for their violations of the Texas Transportation Code and the Federal Motor Carrier Statutes.

13. On balance, Defendants owed duties consistent with the foregoing, and breached each of foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injuries. Plaintiff are entitled to recover for their injuries.

### B. *Negligence Per Se Against All Defendants*

14. Defendants' conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code Sections 545.101, 545.103 and 545.401.

15. Plaintiff is a member of the class that Texas Transportation Code Sections 545.101, 545.103 and 545.401 were designed to protect.

16. Defendants' unexcused breach of the duties imposed by Texas Transportation Code Sections 545.101, 545.103 and 545.401 proximately caused Plaintiff's injuries described herein.

### PLAINTIFF'S CLAIM OF *RESPONDEAT SUPERIOR* AGAINST DEFENDANT DELTA DOWNS

17. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Lawrence was within the course and scope of employment for Defendant Delta Downs.

18. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Lawrence was engaged in the furtherance of Defendant Delta Downs's business.

19. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Lawrence was engaged in accomplishing a task for which Defendant Lawrence was employed.

20. Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant Delta Downs.

### AGENCY

21. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant Delta Downs,

3

occurred within the scope of the actual or apparent authority of such person on behalf of this Defendant.

22. Therefore, Defendant Delta Downs is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## C. *Negligent Hiring (Against Defendant Delta Downs)*

23. Plaintiff repeats and realleges each allegation contained above.

24. Plaintiff sustained injuries as a result of Defendant Delta Downs's negligent hiring because of Defendant Delta Downs's:

   a. Failure to conduct a reasonable and adequate interview of Lawrence as potential employee;

   b. Failure to properly follow up on information not provided by Lawrence in its interview process;

   c. Failure to conduct a proper employment background check;

   d. Failure to sufficiently investigate Lawrence's training, prior employment, criminal record, and past;

   e. Failure to perform the required screening, testing, and physical of Lawrence;

   f. Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas; and

   g. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## D. *Negligent Training (Against Defendant Delta Downs)*

25. Plaintiff repeats and realleges each allegation contained above.

26. Plaintiff sustained injuries as a result of Defendant Delta Downs's negligent training because of Defendant Delta Downs's:

   a. Failure to explain and demonstrate its safety policies and procedures to Lawrence;

   b. Failure to provide the necessary training to Lawrence regarding driving his vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situation;

   c. Failure to properly train its drivers regarding all aspects of driver safety;

   d. Failure to train its employees, including Lawrence, regarding the safe operation of a vehicle such as a person and/or company of ordinary care would have done under the same or similar circumstances;

4

  e. Failure to provide and/or require regular follow-up driver education and training;

  f. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### E. *Negligent Supervision, Retention, and Monitoring (Against Defendant Delta Downs)*

27. Plaintiff repeats and realleges each allegation contained above.

28. Plaintiff sustained injuries as a result of Defendant Delta Downs's negligent supervision, retention and monitoring because of Defendant Delta Downs's:

  a. Failure to monitor Lawrence to make sure that he was complying with policies and procedures.

  b. Failure to interview and test Lawrence to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

  c. Failure to implement proper policies and procedures for its employees, including Lawrence, regarding driver safety and vehicle safety.

  d. Failure to document and make a determination regarding fault in the accident made the basis of this suit.

  e. Failure to supervise Lawrence to insure that they were keeping the vehicles properly maintained.

  f. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### F. *Negligent Entrustment (Against Defendant Delta Downs)*

29. Plaintiff repeats and realleges each allegation contained above.

30. Plaintiff sustained injuries as a result of Defendant Delta Downs's negligent entrustment because Defendant Delta Downs:

  a. Provided a vehicle to Lawrence who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

### V.

### PRAYER FOR RELIEF

31. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe and permanent injuries, including but not limited to, physical pain, mental anguish, and other harm which have caused and will cause Plaintiff residual disability, past and future disfigurement, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, past lost earnings, future loss of earning capacity, past and future physical impairment. Plaintiff has been damaged in a sum far in excess

5

of the minimum jurisdictional limits of this Honorable Court, for which they now sues.

32. Plaintiff prays for relief and judgment including but not limited to

- Compensatory damages;
- Actual damages;
- Consequential damages;
- Pain and suffering;
- Past and future mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Interest on damages (pre- and post-judgment) in accordance with law;
- Plaintiff' reasonable attorneys' fees;
- Costs of court;
- Expert witness fees;
- Costs of copies of depositions; and
- Such other and further relief as the Court may deem just and proper.

## VI.

## RESERVATION OF RIGHTS

33. Plaintiff reserves the right to prove the amount of damages at trial and to amend their Petition to add additional claims upon further discovery and as their investigation continues.

## VII.

## JURY TRIAL DEMAND

34. Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

ARNOLD & ITKIN LLP

J. KYLE FINDLEY (#34922)
KALA SELLERS (#36182)
ADAM LEWIS (#37492)
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
kfindley@arnolditkin.com
ksellers@arnolditkin.com
alewis@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

6

**SERVICE LIST:**

**Boyd Racing, LLC d/b/a Delta Downs Racetrack & Casino**
Corporation Service Company,
501 Louisiana Avenue,
Baton Rouge, Louisiana 70802

**Boyd Gaming Corporation**
CSC Services of Nevada, Inc.,
2215-B Renaissance Drive,
Las Vegas, Nevada 89119.

**Laurence Rammoy St Lammonth**
918 Brady Lot Apt 1,
Sulphur, Louisiana 70663 or wherever he may be found.

## 14TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CALCASIEU

## STATE OF LOUISIANA

NO. 2019-2434

DIVISION " F "

### RIGOBERTO RAMIREZ

### VERSUS

### BOYD RACING, LLC D/B/A DELTA DOWNS RACETRACK & CASINO, BOYD GAMING CORPORATION AND LAWRENCE RAMMOY ST LAMMONTH

FILED: MAY 17 2019

*Carole B LeBlanc*

**DEPUTY CLERK**

### REQUEST FOR NOTICE

TO: Clerk of Court
Calcasieu Parish
1000 Ryan Street
Lake Charles, LA 70601

Please take notice that the undersigned hereby requests written notice of the date set for trial of the above-numbered and entitled cause as well as notice of hearings (whether on merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge or any member of Court, as provided in Louisiana Code of Civil Procedure of 1960, particularly Articles 1572, 1913 and 1914.

Respectfully Submitted,

ARNOLD & ITKIN LLP

J. KYLE FINDLEY (#34922)
KALA SELLERS (#36182)
ADAM LEWIS (#37492)
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
kfindley@arnolditkin.com
ksellers@arnolditkin.com
alewis@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

## 14TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CALCASIEU

## STATE OF LOUISIANA

NO. 2019-2434                                    DIVISION " F "

### RIGOBERTO RAMIREZ

### VERSUS

### BOYD RACING, LLC D/B/A DELTA DOWNS RACETRACK & CASINO, BOYD GAMING CORPORATION AND LAWRENCE RAMMOY ST LAMMONTH

FILED: _____                          _Carole B LeBlanc_
                                                **DEPUTY CLERK**

### JURY ORDER

It is ordered that Plaintiff, RIGOBERTO RAMIREZ, be and is hereby granted a trial by jury on all issues, conditioned upon a posting of bond for furnishing security in the amount of $ 3,600.00 dollars. The bond/or security is to be deposited with the Clerk of the Court within sixty (60) days prior to trial.

SIGNED this 28th day of May, 2019.

                                    S/ Clayton Davis
                                    DISTRICT JUDGE